IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL FROST, | ) | |
|     Petitioner, | ) | Civil Action No. 13-209 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| COMMONWEALTH, | ) | |
|     Respondent. | ) | |

**OPINION AND ORDER**[1]

Petitioner, Michael Frost, is a state prisoner currently incarcerated at the State Correctional Institution Forest. He has filed a petition for a writ of habeas corpus [ECF No. 4] in which he challenges his confinement pursuant to the judgment of sentence issued by the Court of Common Pleas of Crawford County at docket number CR-1998-99. The petition is second or successive and Petitioner has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court must summarily dismiss the petition for lack of jurisdiction. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts.

**I.**

On December 15, 1999, Petitioner was arrested by the Pennsylvania State Police and charged with nine counts of Rape; nine counts of Incest; eight counts of Involuntary Deviate Sexual Intercourse; six counts of Aggravated Indecent Assault; forty counts of Indecent Assault; five counts of Endangering Welfare of Children; and six counts of Corruption of Minors. The charges stem from his course of conduct of sexual abuse of five of his children in 1998 and 1999. He was charged with:

---
[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), Petitioner has voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

- engaging his female child, A.D.F., age 8 or 9, in sexual intercourse, fellatio, cunnilingus and digital penetration of her genitals;

- engaging his biological daughter, L.A.F., age 7 or 8, in sexual intercourse, cunnilingus, digital penetration of her genitals and making her watch pornographic movies;

- engaging his biological daughter, B.A.F., age 6 or 7, in sexual intercourse, cunnilingus, fellatio, digital penetration of her genitals, penetration of her genitals with a Barbie doll, and making her touch his penis with her hand;

- having his biological son, B.M.P., age 8 or 9, perform sexual acts with his siblings, A.D.F., L.A.F. and B.A.F., and making him watch pornographic movies;

- having his biological son, M.A.F., age 5 or 6, perform sexual acts with his siblings, A.D.F., L.A.F. and B.A.F.

On March 10, 2000, Petitioner pleaded guilty to Count 21, Involuntary Deviate Sexual Intercourse (fellatio on A.D.F.), a felony of the first degree under 18 Pa.C.S. § 3123(6); Count 51, Involuntary Deviate Sexual Intercourse (cunnilingus on L.A.F.), a felony of the first degree under 18 Pa.C.S. § 3123(6); Count 68, Involuntary Deviate Sexual Intercourse (fellatio on B.A.F.), a felony of the first degree under 18 Pa.C.S. § 3123(6); Count 82, Endangering the Welfare of Children, a misdemeanor or the first degree under 18 Pa.C.S. § 4304; and Count 83, Endangering the Welfare of Children, a misdemeanor or the first degree under 18 Pa.C.S. § 4304. The remaining counts were *nolle prossed* by the Commonwealth.

Petitioner was sentenced on May 19, 2000 to the following: Count 21 – 5 to 10 years; Count 51 – 5 to 10 years to run consecutive to Count 21; Count 68 – 5 to 10 years to run consecutive to Count 51; Count 82 – 12 to 30 months, to run consecutive to Count 68; Count 83 – 12 to 30 months, to run concurrent with Count 82. This sentence aggregated to 16 years to 32½ years. A motion for reconsideration of sentence was granted on June 6, 2000, with the court allowing credit for pre-sentence incarceration.

In November of 2010, Petitioner filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his state judgment of sentence. That petition was docketed as Frost v. SCI Albion, et al., 1:10-cv-117 (W.D. Pa.) and assigned to the Honorable Sean J. McLaughlin, who referred the case to me. I subsequently issued a Report and Recommendation advising that Petitioner's claims must be dismissed as untimely and that a certificate of appealability be denied. On September 28, 2011, Judge McLaughlin issued a Memorandum in which he denied the petition as untimely and denied a certificate of appealability.

In the petition for a writ of habeas corpus that is now before this Court, Petitioner once again challenges the judgment of sentence issued by the Court of Common Pleas of Crawford County at docket number CR-1998-99. Because Petitioner is a state inmate in custody pursuant to a state court judgment of sentence, any request for habeas corpus relief that he pursues must be made under 28 U.S.C. § 2254. As explained in a leading treatise:

> The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention. Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the *judgment* of a state court…. If, however, the petitioner is in custody pursuant to something *other than a judgment* of a state court (e.g., pre-trial detention, pre-trial bond order, awaiting extradition, or other forms of custody that are possible without a conviction), he made proceed under 28 U.S.C. § 2241.

Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (May 2013) (emphasis in original) (citing, *inter alia*, Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) ("It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one…. In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody…. applying the 'specific governs the general'

3

canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence."); and, Felker v. Turpin, 518 U.S. 651 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'")).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates that before a petitioner may file a second or successive habeas corpus petition under 28 U.S.C. § 2254 challenging the same judgment of sentence that he previously challenged in federal habeas, he must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

Petitioner has not received from the Third Circuit Court permission to file a second or successive petition. Therefore, this Court must dismiss the instant petition for lack of jurisdiction. Id. at 152-54.

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it

4

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying this standard here, jurists of reason would not find it debatable whether the instant petition should be summarily dismissed. Accordingly, a certificate of appealability shall be denied.

**II.**

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed for lack of jurisdiction. Also, a certificate of appealability is denied. An appropriate Order follows.

Dated: October 8, 2013

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL FROST,** ) | |
| Petitioner, ) | Civil Action No. 13-209 Erie |
| ) | |
| v. ) | |
| ) | Magistrate Judge Susan Paradise Baxter |
| **COMMONWEALTH,** ) | |
| Respondent. ) | |

## **ORDER**

AND NOW, this 8th day of October, 2013;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED for lack of jurisdiction, and a certificate of appealability is DENIED. The Clerk of Courts is directed to close this case.

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge